IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

03 MAY -6 PM 2: 31

U.S. DISTRICT COURT
N.D. OF ALABAMA

EDWARD SHELTON,

    PLAINTIFF,

vs.

                            CASE NO. CV 03-J-1016-NE

EDGELL JACKSON TRUCKING,
LLC., et al.,

    DEFENDANT.

ENTERED

MAY '6 2003

### MEMORANDUM OPINION

    This action is before the court *sua sponte* for lack of subject matter jurisdiction. The defendant removed this action from the Circuit Court of Cullman County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332.  Notice of Removal, ¶ 7.  The plaintiff's complaint asserts that the defendants negligently allowed or permitted a motor vehicle to collide with the motor vehicle operated by the plaintiff.  Complaint, ¶ 5.  Additionally, the plaintiff claims that defendant Edgell Jackson Trucking, LLC, negligently entrusted defendant Joseph Lifhtfritz to operate said motor vehicle.  Complaint, ¶¶ 10.

    The plaintiff sues for negligence and negligent entrustment.  Each of the two counts states that the plaintiff seeks "judgment against the defendants, jointly and

3

severally, for compensatory damages in an amount to be determined by the court not to exceed the sum of SEVENTY-FOUR THOUSAND DOLLARS ($74,000.00)."

Because this case was removed to federal court by defendant, the defendant bears the burden of proving that federal jurisdiction exists. *See Williams v. Best Buys,* 269 F.3d 1316, 1319 (11th Cir.2001). Remand is appropriate where "the pleadings make it clear 'to a legal certainty that the claim is really for less than the jurisdictional amount...'" *See Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir.2002).

In *Smith v. GTE Corporation,* 236 F.3d 1292, 1299 (11th Cir.2001), where neither party challenged federal court jurisdiction, the court still held that, because federal courts are powerless to act beyond the statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case and should itself raise the question of subject matter jurisdiction when a doubt about jurisdiction arises. *Id.* at 1299; citing *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir.1985) ("A federal court not only has the power but also the obligation ... to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises").

This court notes from the face of the complaint that the plaintiff does not seek more than $75,000.00. Defendant, on the theory that the separate claims for $74,000.00 in Counts I and II can be aggregated, argues that the plaintiff seeks in

excess of this court's jurisdictional minimum.  Notice of Removal, ¶ 7.  The

defendant bases this argument on the general theory that the plaintiff's claims may

be aggregated to reach the jurisdictional limit, and further that punitive damages

could exceed $75, 000.00. Notice of Removal, ¶¶ 7, 9. While the court recognizes

these as a correct principles of law, the court finds it unpersuasive here, where the

plaintiff states he seeks "the sum of $74,000."

The defendant merely argues that such the claims could be aggregated.  This

is insufficient to establish that the plaintiff seeks in excess of this court's

jurisdictional amount. The court notes that *Burns v. Windsor* essentially is dispositive

of this removal.  In that case, the Eleventh Circuit stated:

> Federal courts are courts of limited jurisdiction. While a
> defendant does have a right, given by statute, to remove in certain
> situations, plaintiff is still the master of his own claim. *See Caterpillar,
> Inc. v. Williams,* 482 U.S. 386, 391 & n. 7, 107 S.Ct. 2425, 2429 & n. 7,
> 96 L.Ed.2d 318 (1987) .... *see generally,* Wright & Miller, 14A Federal
> Practice and Procedure § 3702 ("[p]laintiff is the master of his or her
> own claim; if plaintiff chooses to ask for less than the jurisdictional
> amount, only the sum actually demanded is in controversy") (other
> citations omitted). Defendant's right to remove and plaintiff's right to
> choose his forum are not on equal footing; for example, unlike the rules
> applied when plaintiff has filed suit in federal court with a claim that, on
> its face, satisfies the jurisdictional amount, removal statutes are
> construed narrowly; where plaintiff and defendant clash about
> jurisdiction, uncertainties are resolved in favor of remand. *See Boyer v.
> Snap-on Tools Corp.,* 913 F.2d 108 (3rd Cir.1990), *cert. denied,* 498
> U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991) (other citation
> omitted).

> Because removal is only permissible when plaintiff's claim could
> have been filed in federal court originally, we must look to plaintiff's
> claim to determine whether removal was appropriate. Plaintiff's
> complaint specifically requests [$74,000] in damages. Therefore, no
> jurisdiction exists on the face of plaintiff's claim. So, the critical
> question is to what extent must defendant prove jurisdiction exists
> despite plaintiff's express claim to less than the minimum jurisdictional
> sum?
>
> We believe the defendant's burden of proof must be a heavy one
> ....
>
> That is, defendant must prove to a legal certainty that plaintiff's claim
> must exceed [$75,000]. This strict standard is consistent with case law
> and congress' policy of limiting federal diversity jurisdiction ....

*Burns v. Windsor*, 31 F.3d 1092, 1095-96 (11th Cir.1994).

The court finds that the plaintiff specifically states in his complaint that he

seeks $74,000.00.  In consideration of the foregoing, this  court finds no basis for

jurisdiction under 28 U.S.C. § 1332 because the amount in controversy is less than

$75,000.00.

In consideration of the foregoing, it is **ORDERED** by the court that this case

be and hereby is **REMANDED** to the Circuit Court of Cullman County, Alabama,

from whence it was improvidently removed.

**DONE** this the ___5___ day of May, 2003.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

4